IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


MITZI VARIALI,                          :

     Petitioner,                        :

v.                                      :           CIVIL ACTION 03-0598-CG-M

TROY KING,[1]                           :

     Respondent.                        :


REPORT AND RECOMMENDATION


    This is an action under 28 U.S.C. § 2254 by an Alabama

inmate which was referred for report and recommendation pursuant

to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of

the Rules Governing Section 2254 Cases.  This action is now ready

for consideration.  The state record is adequate to determine

Petitioner's claims; no federal evidentiary hearing is required.

It is recommended that this habeas petition be dismissed as time-

barred and that judgment be entered in favor of Respondent Troy

King and against Petitioner Mitzi Variali pursuant to 28 U.S.C. §

2244(d).[2]

---

[1]Troy King is the new Attorney General of the State of Alabama.
Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure,
Troy King should be substituted, therefore, for William H. Pryor, Jr.
as the Defendant in this action.

[2]The Court notes that Petitioner's trial co-Defendant and mother,
Diane Variali, also has a habeas petition in this Court which raises
the same claims that Petitioner has raised herein.  A report is being
entered in that action on this date recommending that that petition be
also denied as time-barred.  *See Diane Variali v. King*, 03-0592-WS-M
(S.D. Ala. December 19, 2005).

Petitioner was convicted of first degree murder in the Circuit Court of Mobile County on June 9, 1998 for which she received a sentence of twenty-five years in the state penitentiary (Doc. 1, p. 1).  On appeal, the Alabama Court of Criminal Appeals affirmed the conviction in a memorandum opinion (Doc. 7, Exhibit A).  Variali sought a rehearing by the Criminal Appeals Court and *certiorari* to the Alabama Supreme Court, but both were denied (*see* Doc. 7, p. 2).  The certificate of final judgment was entered on August 27, 1999 by the Alabama Supreme Court (Doc. 7, Exhibit B).

Petitioner filed a State Rule 32 petition on September 1, 2000 (Doc. 1, p. 3; Doc. 7, p. 2).  Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals, on May 24, 2002, affirmed the denial, finding the claims to be without merit (Doc. 7, Exhibit D).  Variali's petition for rehearing was denied and, on September 13, 2002, the Alabama Supreme Court denied *certiorari* and entered a certificate of judgment (Doc. 7, Exhibit E).

Petitioner filed a complaint with this Court on September 5, 2003 raising the following claims: (1) Variali's attorney rendered ineffective assistance in that he was laboring under a conflict of interest; and (2) Petitioner did not knowingly and intelligently waive her right to have conflict-free representation (Docs. 1, 2).

Respondent has answered the petition, arguing that it should

be dismissed as it was not filed within the one-year statute of limitations period (Doc. 7, pp. 3-5).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  Variali's conviction became final in the State courts on August 27, 1999, the day on which the Alabama Supreme Court issued a certificate of judgment.  As such, Variali's conviction came after the effective date of the AEDPA.  However, because Petitioner had ninety days in which to seek direct review of her conviction in the U.S. Supreme Court, those ninety days do not count against her--whether she actually sought review or not.  *See Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001).  Adding ninety days to August 27, 1999 results

in a date of November 26, 1999;[3] the one-year limitations clock
began to run the next day.

Petitioner's habeas corpus petition was not filed in this
Court until September 5, 2003, nearly three years after the
limitations period had expired (*see* Doc. 1).  However, Variali
had filed a Rule 32 petition in State court on September 1, 2000
which is before the grace period had expired.  The Court notes
that AEDPA states that "[t]he time during which a properly filed
application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall
not be counted toward any period of limitation under this
subsection."  28 U.S.C. § 2244(d)(2).

The period of time which lapsed between November 26, 1999
and September 1, 2000 is 280 days.  The State did not finish with
Variali's Rule 32 until September 13, 2002, the date on which the
Alabama Supreme Court issued a certificate of judgment.  The
period of time between September 13, 2002 and September 5, 2003,
the day Petitioner filed this action, is 357 days.  The two
periods of time together total 637 days, 272 days past the
limitations period.

Clearly, Petitioner's habeas corpus petition was filed well
beyond the one-year grace period and filed in violation of 28

---

[3]The Court notes that the actual date would be Thursday November
25, 1999.  Because this was Thanksgiving, the Court has figured in one
extra day, resulting in Friday November 26, 1999.

U.S.C. § 2244(d).  The Court has reviewed Variali's arguments

that her petition was timely-filed because she was required to

first exhaust her State Court remedies and found them

unpersuasive (Doc. 11, pp. 1-7).  AEDPA clearly set a one-year

limitations period.

The Court notes that Petitioner has also urged this Court to

find that the limitations period was equitably tolled (Doc. 11,

pp. 7-11).  The Eleventh Circuit Court of Appeals has held that §

2244 permits equitable tolling "'when a movant untimely files

because of extraordinary circumstances that are both beyond his

control and unavoidable even with diligence.'"  *Steed v. Head*,

219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. U.S.*,

177 F.3d 1269, 1271 (11th Cir. 1999)).  The *Steed* Court stated

that "[e]quitable tolling is an extraordinary remedy which is

typically applied sparingly.  Mere attorney negligence does not

justify equitable tolling.  An attorney's miscalculation of the

limitations period or mistake is not a basis for equitable

tolling."  *Steed*, 219 F.3d at 1300 (internal citations omitted).

"The burden of establishing entitlement to this extraordinary

remedy plainly rests with the petitioner." *Drew v. Department of*

*Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002), *cert. denied*

*sub nom. Drew v. Crosby*, 537 U.S. 1237 (2003).  Because of the

difficult burden placed on petitioners, the Eleventh Circuit has

"rejected most claims for equitable tolling."  *Diaz v. Secretary*

*for Department of Corrections*, 362 F.3d 698, 701 (11th Cir.

5

2004).

     The Court finds that Petitioner is not entitled to equitable
tolling of the statute of limitations because she has failed to
demonstrate due diligence in bringing her claims to federal
court.  More than nine months lapsed between the date when
Variali's conviction became final and the date she sought Rule 32
review; eight days short of a year passed after the State Rule 32
review was completed before this action was filed.  No
extraordinary circumstances have been voiced—much less
established—which excuse the delay in bringing this action.
Petitioner has not met her burden of establishing that she is
entitled to equitable tolling in this action.

     Finally, the Court finds unpersuasive Variali's argument
that this Court's refusal to consider the merit of her claims
would amount to a grave miscarriage of justice (Doc. 11, pp. 11-
14).  While the factual underpinnings of the claims brought in
this action are unusual, indeed irregular, Petitioner has not
demonstrated that her trial was unfair or her conviction unjust.

     After full consideration of all arguments made to the
contrary, the Court finds that Petitioner has provided no cause
for ignoring the dictates of the Anti-Terrorism and Effective
Death Penalty Act of 1996:  this action is time-barred.

     For the reasoning stated herein, it is recommended that this
habeas petition be dismissed as time-barred and that judgment be
entered in favor of Respondent Troy King and against Petitioner

Mitzi Variali pursuant to 28 U.S.C. § 2244(d).


MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the

magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

    DONE this 19th day of December, 2005.

    s/BERT W. MILLING, JR.
    UNITED STATES MAGISTRATE JUDGE