**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **MITZI VARIALI,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )    **CIVIL ACTION NO. 03-0598-CG-M** |
| | ) |
| **TROY KING,** | ) |
| | ) |
| **Respondent.** | ) |

**ORDER**

This matter is before the Court on the report and recommendation of the magistrate judge (Doc. 16) and petitioner's objection thereto (Doc. 19).  The magistrate judge recommended that the petition be dismissed as time-barred and that judgment be entered in favor of the respondent. (Doc. 16, p. 6-7).  In her objection, the petitioner argues that her petition was timely filed or that equitable tolling should apply, and that even if untimely, it would be a miscarriage of justice for the petition to be dismissed on a technicality.

The petition was filed almost a year after the one-year limitations period of 28 U.S.C. § 2244(d) expired.  "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11ᵗʰ Cir.2001).  Equitable tolling is only "'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' " Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir.2002) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999)), cert. denied, 537 U.S. 1237, 123 S.Ct. 1364 (2003). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id. at 1286.

The objection states that petitioner has a low IQ and learning disabilities and describes petitioner as being "mentally challenged."  However, petitioner has not demonstrated or even alleged that petitioner's mental incapabilities prevented her from timely filing her petition.  The

statutory deadline is not equitably tolled merely because petitioner is mentally challenged.  As the Eleventh Circuit explained in <u>Lawrence v. Florida</u>,  421 F.3d 1221(11th Cir. 2005):

> Lawrence also contends that his mental incapacity prevented him from timely filing and justifies the invocation of equitable tolling. However, Lawrence cannot establish a causal connection between his alleged mental incapacity and his ability to file a timely petition. Lawrence admits in his appellate brief that medical reports state that his full scale IQ is 81, and he admits that he did not make the assertion that he was mentally incompetent per se. Instead, Lawrence claims that his initial pleading made it clear that he has suffered from mental impairments his entire life. However, this contention, without more, is insufficient to justify equitable tolling. <u>See</u> <u>Bilbrey v. Douglas</u>, 124 Fed.Appx. 971, 973 (6th Cir.2005) (finding that equitable tolling did not apply because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); <u>Green v. Hinsley</u>, 116 Fed.Appx. 749, 751 (7th Cir.2004) (finding that equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); <u>Fisher v. Gibson</u>, 262 F.3d 1135, 1145 (10th Cir.2001) (finding that petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the limitations period); <u>Collins v. Scurr</u>, 230 F.3d 1362 (8th Cir.2000) (Table) (finding that bald and unsupported assertions that relate to an instance of alleged mental incompetency that occurred at a time remote to petitioner's habeas petition filing deadline did not equitably toll the statute of limitations); <u>Fisher v. Johnson</u>, 174 F.3d 710, 716 (5th Cir.1999) (finding that equitable tolling did not apply when petitioner's brief period of incapacity "occurred at a time so remote to his deadline" and petitioner could not show that he diligently pursued his application the remainder of the one-year filing deadline); cf. <u>Laws v. Lamarque</u>, 351 F.3d 919, 923 (9th Cir.2003) (remanding case for further factual development on issue of whether petitioner's mental illness prevented him from timely filing his federal habeas petition as to warrant the application of equitable tolling); <u>Nara v. Frank</u>, 264 F.3d 310, 320 (3d Cir.2001) (remanding case for further factual development where petitioner "presented evidence of ongoing, if not consecutive, periods of mental incompetency" because mental incompetence may constitute an extraordinary circumstance for purposes of tolling the statute of limitations when a person's mental deficiency affects his ability to file a timely habeas petition).

<u>ibid.</u> at 1226-1227.   No circumstances have been alleged which would constitute "extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." Equitable tolling is generally applied only where the circumstance complained of is the cause of the delay in filing. <u>See</u> <u>e.g.</u> <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S.Ct. 453,

458, 112 L.Ed.2d 435 (1990) (stating that the Court has allowed equitable tolling in situations where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass);  Arce v. Garcia, 400 F.3d 1340, 1349 (11th Cir. 2005) (noting that in order to invoke equitable tolling, courts usually require some affirmative misconduct, such as deliberate concealment);  Justice v. U.S., 6 F.3d 1474, 1479 (11th Cir. 1993) (equitable tolling is appropriate in situations where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her).   The circumstances must have prevented petitioner from timely filing her petition. Equitable tolling is not appropriate here because, as the magistrate judge stated, "[n]o extraordinary circumstances have been voiced–much less established– which excuse the delay in bringing this action." (Doc. 16 p. 6).

Petitioner asserts that it would be a miscarriage of justice for the petition to be dismissed on a "technicality" because there is evidence of petitioner's innocence.   This same contention was alluded to in a petition in a related case filed by plaintiff's mother, Diane Variali.  Judge Steele denied the petition of Diane Variali, stating the following:

> As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence, and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. *E.g., Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1217-18 (11th Cir. 2000).
>
> Assuming without deciding that a petitioner's actual innocence is relevant to excuse the untimeliness of a petition post-AEDPA, the petitioner did not clearly assert her actual innocence before Judge Milling.  When ordered by Judge Milling to address the respondent's argument that her petition was time-barred, the petitioner "adopt[ed]" the brief of her daughter filed in defense of the timeliness of the daughter's separate petition.  (Doc. 8 at 2).  That brief argued that failure to consider the merits of the petition would work a grave or fundamental "miscarriage of justice."  (*Id.* at 15).  The brief — playing off the petitioners' primary argument on the merits — insisted that a miscarriage of justice would occur "because [the daughter] did not properly waive her

constitutional right to counsel free from an inherent conflict of interest." (*Id*. at 16). The same theme was repeated throughout this portion of the daughter's brief, (*id*. at 16, 18), as well as in the petitioner's introductory comments. (*Id*. at 3). However, a "miscarriage of justice" for purposes of excusing an untimely petition is not shown by any set of unfortunate circumstances; instead, the Supreme Court has "explicitly tied the miscarriage of justice exception to the petitioner's innocence." *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *accord Ziegler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003).

The daughter's brief does use the term "actual innocence," but only to rail against trial counsel's alleged ineffectiveness, in that evidence the infant aspirated meconium "was not explored and was utterly ignored by her trial counsel." (Doc. 8 at 17). Neither the petitioner nor her daughter attempted to tie this circumstance into the well-established jurisprudence governing actual innocence as an excuse for an untimely petition.

Assuming without deciding that the petitioner has not by her opaque briefing waived any argument of actual innocence as excusing her untimely petition, she has not established a factual predicate for its invocation. As the Supreme Court has noted, "habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." *Schlup v. Delo*, 513 U.S. at 321. The petitioner must first "support his allegations of constitutional error with new reliable evidence ... that was not presented at trial." *Id*. at 324. This new evidence must support the proposition that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (internal quotes omitted). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. That is, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329.

The only evidence the petitioner identifies is the Rule 32 testimony of Dr. Chalub to the effect that the infant did not drown but died from aspirating meconium during the birthing process. (Doc. 8 at 17). This evidence is not truly new, because Dr. McCullars testified similarly on behalf of the petitioner at trial. While Dr. McCullars identified additional obstacles to survival (including bleeding from the umbilical cord and anmiotic fluid in the lungs), he declared that the presence of the meconium in the lungs was itself sufficient to cause the infant's death. (R-884, -891-92, -939).

Even could Dr. Chalub's evidence be considered as "new" for purposes of *Schlup*, [FN There is also some question whether Dr. Chalub's opinions — which were presented at the Rule 32 hearing in February 2001 and were presumably known to the petitioner for some time previously — are too stale to rescue her September 2003 petition. *See generally Araujo v. Chandler*, 2005 WL 3454099 at *2-3 (7th Cir. 2005)(actual innocence is not a "freestanding exception" to timeliness, and a petition must be filed within one year after the petitioner knows or in the exercise of due diligence should know of the facts supporting the claim

of actual innocence).  As the petitioner cannot satisfy the requirements for an actual innocence exception, it is unnecessary to consider further the timeliness of her attempt to do so.] the petitioner has not shown that his testimony would probably prevent any reasonable juror from voting to convict.  New evidence offered by a petitioner cannot be considered in a vacuum but must be evaluated "in light of the totality of the evidence previously adduced."  *High v. Head*, 209 F.3d 1257, 1273 (11th Cir. 2000).  As noted, the jury heard substantially the same opinions from Dr. McCullars — and rejected them.  The medical evidence was fiercely and extensively contested at trial, and the petitioner wisely does not assert that no reasonable jury could have rejected Dr. McCullars' opinions.  But if a reasonable juror could vote to convict despite Dr. McCullars' opinions, a reasonable juror could of course vote to convict despite Dr. Chalub's substantially repetitive opinions, and would probably do so.  *Cf. Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003)(the post-trial affidavit of a medical expert who disagrees with the prosecution's medical experts may undermine their testimony, but it fails to show that, more likely than not, no reasonable juror would vote to convict).

Diane Variali v. Troy King, 03-CV-0592-WS-M, Doc. 17 (S.D. Ala. Feb 14, 2006).  The undersigned agrees with the above analysis and concludes that petitioner has not demonstrated that it would be a  miscarriage of justice to deny her petition as time-barred.

After due and proper consideration of all pleadings in this file, and a de novo determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1)(B), as amplified by this order, is **ADOPTED** as the opinion of this Court.

It is **ORDERED** that this habeas petition be **DENIED** as time-barred and that this action be **DISMISSED**.

**DONE and ORDERED** this 13th day of March, 2006.

/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE